UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB,<br>2101 Webster Street, Suite 1300<br>Oakland, CA 94612<br><br>   *Plaintiff*<br><br>v.<br><br>MICHAEL S. REGAN, in his official capacity<br>as Administrator of the United States<br>Environmental Protection Agency<br><br>   *Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civ. No. 23-2901<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## I.  INTRODUCTION

1.  The Administrator of the United States Environmental Protection Agency ("Administrator" or "EPA") has failed to perform his nondiscretionary duty under the Clean Air Act to issue a finding of failure by thirteen states—Arizona, California, Connecticut, Delaware, Illinois, Maryland, Michigan, Nevada, New Jersey, Pennsylvania, Texas, Utah, and Wisconsin—to submit complete revised nonattainment area state implementation plans ("nonattainment SIPs") and publish notice of that action in the Federal Register no later than six months after the January 1, 2023 deadline by which each of these states was required to submit a nonattainment SIP for the 2015 primary ozone national ambient air quality standard ("NAAQS").

2.  Although over half a year has passed since these thirteen states were required to submit complete nonattainment SIP revisions that meet the requirements of Sections 172(c), 181,

1

and 182 of the Clean Air Act and provide for attainment of the 2015 ozone NAAQS as expeditiously as practicable, the EPA Administrator has yet to make any findings of failure to submit the requisite nonattainment SIPs. The Administrator is, therefore, in violation of his nondiscretionary duties under the Clean Air Act and, as a result, is delaying health and welfare protections to which Plaintiff's members are entitled.

3. This lawsuit seeks a declaration that the Administrator is in violation of the Clean Air Act and an order compelling the Administrator to issue the requisite findings of failure to submit with regard to each of the outstanding nonattainment SIPs cited herein. A timely finding of failure to submit is essential, as it triggers a two-year clock by which EPA must issue a federal plan to ensure attainment with the NAAQS (unless the state corrects the deficiency and EPA approves the plan before the two-year clock expires), as well as a public notice and comment process that can allow the public to engage in the regulatory process. 42 U.S.C. §§ 7401(a)(3)(B); 7410(c)(1); 7410(k)(1)(C).

## II. JURISDICTION, VENUE, AND NOTICE

4. This is an action to compel the Administrator to perform a nondiscretionary act or duty under the Clean Air Act. 42 U.S.C. § 7604(a)(2); *id.* § 7410(k)(1)(B). This Court has jurisdiction over this action pursuant to 42 U.S.C. § 7604(a) and 28 U.S.C. §§ 1331, 1361.

5. The relief requested by Plaintiff is authorized pursuant to 42 U.S.C. § 7604 and 28 U.S.C. §§ 1361, 2201, and 2202.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e)(1). A substantial part of the events or omissions giving rise to Sierra Club's claim occurred in the District of Columbia. Defendant Michael S. Regan is an officer of the United States, sued for

acts and omissions made in his official capacity, and his official residence is in the District of Columbia. In addition, EPA's headquarters is in the District of Columbia.

7. By certified U.S. Mail in a letter dated July 26, 2023, Sierra Club provided the Administrator with written notice of Sierra Club's intent to file suit over EPA's failure to issue findings of failure to submit the nonattainment SIPs described herein, and of Sierra Club's intent to bring suit to remedy these Clean Air Act violations. EPA regulations provide that notice "shall be deemed given on the postmark date, if served by mail." 40 C.F.R. § 54.2(d). Accordingly, Sierra Club provided notice pursuant to 42 U.S.C. § 7604(b)(2) and 40 C.F.R. §§ 54.2(a), 54.3. A copy of this notice is provided as Exhibit A to this Complaint.

### III. PARTIES

8. Plaintiff Sierra Club is a national not-for-profit membership organization dedicated to the protection of public health and the environment, which includes protecting the right to clean air nationwide. Sierra Club has more than 700,000 members who reside in all 50 states, the District of Columbia, and U.S. territories. Of these, there are over 14,600 members residing in Arizona; 148,500 members in California; 9,800 members in Connecticut; 2,300 members in Delaware; 26,400 members in Illinois; 15,100 members in Maryland; 20,000 members in Michigan; 5,200 members in Nevada; 18,300 members in New Jersey; 27,900 members in Pennsylvania; 24,000 members in Texas; 4,600 members in Utah; and 17,900 members in Wisconsin. *See* Levenshus Decl., Ex. 3 ¶ 6.

9. Plaintiff's members live, work, recreate, and conduct other activities in areas throughout the nation that have been designated as nonattainment for the 2015 ozone NAAQS. Ozone pollution in such areas adversely affects or threatens the health and welfare of Plaintiff's members. The acts and omissions of EPA alleged herein cause injury to Plaintiff's members by

prolonging poor air quality conditions that adversely affect or threaten their health and welfare, and by nullifying or delaying measures and procedures mandated by the Clean Air Act to protect their health and welfare from ozone pollution in places where they live, work, recreate, and conduct other activities. Accordingly, the health, recreational, aesthetic, and procedural interests of Plaintiff and its members have been and continue to be adversely affected by the acts and omissions of EPA alleged herein.

10. Defendant Michael S. Regan is EPA's Administrator. Administrator Regan is charged with the duty to uphold and enforce the Clean Air Act, which includes undertaking required regulatory actions according to the deadlines established by the Act. *See* 42 U.S.C. § 7410(k)(1)(B).

### IV.   LEGAL BACKGROUND

11. Congress enacted the Clean Air Act "to protect and enhance the quality of the Nation's air resources so as to promote the public health and welfare and the productive capacity of its population." 42 U.S.C. § 7401(b)(1). A "primary goal" of the Act is "pollution prevention." *Id.* § 7401(c). Congress found the Act to be necessary in part because "the growth in the amount and complexity of air pollution brought about by urbanization, industrial development, and the increasing use of motor vehicles, has resulted in mounting dangers to the public health and welfare." *Id.* § 7401(a)(2).

12. The Act requires, *inter alia*, that EPA establish NAAQS for certain air pollutants that endanger public health and welfare, which are referred to as "criteria pollutants." *Id.* §§ 7408–7409. One criteria pollutant is ground-level ozone, or smog. *See* 40 C.F.R. §§ 50.9, 50.10, 50.15, 50.19.

13.     The NAAQS establish allowable concentrations of criteria pollutants in ambient (*i.e.*, outdoor) air. 40 C.F.R. § 50.1. Primary standards must be set at a level that protects public health—including that of sensitive populations such as individuals with respiratory diseases, children, and the elderly—with an adequate margin of safety. 42 U.S.C. § 7409(b)(1). Secondary standards must be set at a level that protects public welfare, which includes protecting against damage to animals, crops, vegetation, and waters. *Id.* §§ 7409(b)(2), 7602(h). EPA must review and, as appropriate, revise the NAAQS at least every five years. *Id.* § 7409(d)(1).

14.     After EPA sets or revises a NAAQS, the Clean Air Act requires EPA to take steps to implement the standard. EPA must "designate" areas as: not meeting the standard, or being in "nonattainment"; meeting the standard, or being in "attainment"; or, if EPA lacks information to make a designation, being "unclassifiable." 42 U.S.C. § 7407(d)(1)(A)-(B). Simultaneous with making these designations, the Act requires EPA to classify each ozone nonattainment area based on the severity of its ozone pollution. *Id.* § 7511(a)(1) tbl.1. The classifications are, in order of increasing degree of severity—"marginal," "moderate," "serious," "severe," and "extreme." *Id.*

15.     Areas that are classified as being in "marginal" nonattainment must attain the ozone standard by a deadline three years from the date they are designated nonattainment, while "moderate" nonattainment areas have six years to attain the ozone NAAQS from the date of designation, and "serious" areas have nine years to attain the standard. 42 U.S.C. § 7511(a)(1) tbl.1. All areas of the country must attain and maintain these standards "as expeditiously as practicable," but not later than the deadlines specified in the Clean Air Act. *See id.* § 7511(a)(1); *see also Nat. Res. Def. Council v. EPA*, 777 F.3d 456, 460 (D.C. Cir. 2014).

16. Within six months of the attainment deadline for an ozone nonattainment area, the Administrator "shall determine … whether the area attained the standard." 42 U.S.C. § 7511(b)(2)(A). If EPA determines that an area has failed to timely attain the ozone standard, the area is reclassified "by operation of law . . . to the higher of [ ] (i) the next higher classification for the area, or (ii) the classification applicable to the area's design value as determined at the time of the notice." *Id.*

17. Whenever a nonattainment area is reclassified to a higher degree of nonattainment, states must submit a SIP revision that satisfies the statutory and regulatory requirements applicable to the higher classification established in Section 182(b)-(d) "according to the schedules prescribed in connection with such requirements." 42 U.S.C. § 7511a(i).

18. The Clean Air Act provides: "Within sixty days of the Administrator's receipt of a nonattainment SIP revision, but no later than six months after the date by which a state is required to submit the plan or revision, the Administrator must determine whether the minimum criteria established pursuant to Clean Air Act Section 110(k)(1)(A) have been met." 42 U.S.C. § 7410(k)(1)(B). Where a state fails to submit a required nonattainment SIP, the minimum criteria cannot have been met, and EPA must make a finding of failure to submit determination stating so within six months of the submittal deadline. *Id*.

19. A finding of failure to submit a required plan then triggers an obligation for EPA to promulgate a Federal Implementation Plan ("FIP") "at any time within 2 years after the Administrator finds that a State has failed to make a required submission." 42 U.S.C. § 7410(c)(1)(A).

20. If the Administrator fails to perform a nondiscretionary duty, such as the duty to make a finding of failure to submit no later than six months after the date by which a state is

6

required to submit a nonattainment SIP, *see* 42 U.S.C. § 7410(k)(1)(B), the Clean Air Act authorizes any person to bring suit to compel the Administrator to perform his duty. 42 U.S.C. § 7604(a)(2).

## V.      FACTUAL BACKGROUND

21.     Ozone, the main component of smog, is an air pollutant that irritates and inflames the lungs and throat, constricts breathing, and contributes to the risk of premature death. *See Am. Trucking Ass'ns v. EPA*, 283 F.3d 355, 359 (D.C. Cir. 2002); National Ambient Air Quality Standards for Ozone, 80 Fed. Reg. 65,292, 65,308–09 (Oct. 26, 2015); EPA, Integrated Science Assessment for Ozone and Related Photochemical Oxidants at 2-20 to 2-24 tbl. 2-1, EPA-HQ-OAR-2008-0699-0405 (Feb. 2013) ("ISA"). Ozone pollution causes and exacerbates asthma attacks, emergency room visits, hospitalizations, and other serious health harms. *See, e.g.*, EPA, Policy Assessment for the Review of the Ozone National Ambient Air Quality Standards at 3-18, 3-26 to 3-29, 3-32 to 3-33, EPA-HQ-OAR-2008-0699-0404 (Aug. 2014) ("PA"); ISA 2-16 to 2-18, 2-20 to 2-24, tbl. 2-1. Ozone-induced health impacts can force adults and children to shelter indoors, take additional medication, and miss work or school. *See, e.g.*, PA 3-89, 4-12.

22.     Children and certain adults are particularly vulnerable to harm from ozone pollution. *See* National Ambient Air Quality Standards for Ozone, 80 Fed. Reg. at 65,310. Children are especially vulnerable, particularly when they are breathing more quickly, such as when playing outdoors, because their respiratory tracts are not fully developed. *E.g.*, *id.* at 65,310, 65,446; PA 3-81 to 3-82. Older people and people living with lung disease and chronic respiratory conditions also have heightened vulnerability to ozone pollution. *See* National Ambient Air Quality Standards for Ozone, 80 Fed. Reg. at 65,310. For instance, people living

with asthma suffer more severe impacts from ozone exposure and are more vulnerable at lower levels of exposure. *Id.* at 65,311 n.37, 65,322.

23. Ozone also damages vegetation and forested ecosystems, causing or contributing to widespread stunting of plant growth, tree deaths, visible leaf injury, reduced carbon storage, and reduced crop yields, PA 5-2 to 5-3; ISA 9-1, and thereby contributing to ecological and economic losses. *See* National Ambient Air Quality Standards for Ozone, 80 Fed. Reg. at 65,370, 65,376.

24. On October 26, 2015, EPA strengthened the ozone NAAQS based on an extensive scientific record demonstrating that the prior ozone standards were inadequate to protect public health and welfare. *See* National Ambient Air Quality Standards for Ozone, 80 Fed. Reg. 65,292.

25. The 2015 ozone NAAQS revision triggered EPA's obligation to "promulgate the designations of all areas" of the country as meeting (*i.e.*, being "in attainment of") or not meeting (*i.e.*, being "in nonattainment of") the standard within two years—*i.e.*, by October 26, 2017. *See* 42 U.S.C. § 7407(d)(1)(B)(i) (explaining that designations are due two years from the date of promulgation of the new or revised standard). EPA made its first designations under the 2015 ozone standard in November 2017 and finished designating areas in July 2018. Air Quality Designations for the 2015 Ozone National Ambient Air Quality Standards (NAAQS), 82 Fed. Reg. 54,232 (Nov. 16, 2017); Additional Air Quality Designations for the 2015 Ozone National Ambient Air Quality Standards, 83 Fed. Reg. 25,776 (June 4, 2018); Additional Air Quality Designations for the 2015 Ozone National Ambient Air Quality Standards—San Antonio, Texas Area, 83 Fed. Reg. 35,136 (July 25, 2018).

26. The attainment deadline for areas classified as "marginal" nonattainment for the 2015 ozone NAAQS was August 3, 2021 (except for San Antonio, Texas, which had a

September 24, 2021 attainment deadline). *See* Implementation of the 2015 National Ambient Air Quality Standards for Ozone: Nonattainment Area Classifications Approach, 83 Fed. Reg. 10,376 (Mar. 9, 2018); Determinations of Attainment by the Attainment Date, Extensions of the Attainment Date, and Reclassification of Areas Classified as Marginal for the 2015 Ozone National Ambient Air Quality Standards, 87 Fed. Reg. 60,897, 60,898 (Oct. 7, 2022).

27.     On October 7, 2022, EPA published in the Federal Register its final determinations of attainment and reclassification of areas classified as "marginal" for the 2015 ozone NAAQS. *Id.* at 60,897. In that rulemaking, EPA determined that twenty states had failed to attain the NAAQS and, consequently, reclassified those areas to "moderate" nonattainment, effective November 7, 2022. *Id*.

28.     On January 5, 2023, EPA published in the Federal Register its final determination of reclassification for the Las Vegas, Nevada nonattainment area from "marginal" to "moderate" nonattainment, effective on January 5, 2023. Finding of Failure to Attain and Reclassification of Las Vegas Area as Moderate for the 2015 Ozone National Ambient Air Quality Standard, 88 Fed. Reg. 775 (Jan. 5, 2023).

29.     In accordance with the Clean Air Act and the deadlines established by EPA, the affected states were required to submit SIP revisions meeting the requirements of Section 182(b) of the Clean Air Act for reclassified moderate nonattainment areas by January 1, 2023. 42 U.S.C. § 7511a(b), (i); Determinations of Attainment by the Attainment Date, Extensions of the Attainment Date, and Reclassification of Areas Classified as Marginal for the 2015 Ozone National Ambient Air Quality Standards, 87 Fed. Reg. at 60,907; Finding of Failure to Attain and Reclassification of Las Vegas Area as Moderate for the 2015 Ozone National Ambient Air Quality Standard, 88 Fed. Reg. at 780.

30. The Administrator must determine no later than six months after the date by which a state is required to submit a SIP whether a state has made a submission that meets minimum completeness criteria. 42 U.S.C. § 7410(k)(1)(A)-(B); 40 C.F.R. Part 51, Appendix V.

31. EPA commonly refers to the determination that a state has not submitted a plan that meets the minimum completeness criteria, or has not submitted a plan at all, as a "finding of failure to submit."

32. The Administrator's determination regarding whether states submitted plans meeting the completeness criteria, or had failed to submit such plans, was due six months after January 1, 2023, *i.e.*, by July 1, 2023. 42 U.S.C. § 7410(k)(1)(B).

33. As of September 29, 2023, the date of this Complaint, according to EPA's online dashboard tracking SIP submissions, the following eleven states have failed to submit to EPA their nonattainment SIP revisions that were due by January 1, 2023:

| State | Nonattainment Area Name |
|---|---|
| Arizona | Phoenix-Mesa, AZ |
| California | Mariposa County, CA |
| Delaware | Philadelphia-Wilmington-Atlantic City, PA-NJ-MD-DE |
| Illinois | Chicago, IL-IN-WI |
| Illinois | St. Louis, MO-IL |
| Maryland | Baltimore, MD |
| Maryland | Philadelphia-Wilmington-Atlantic City, PA-NJ-MD-DE |
| Michigan | Allegan County, MI |
| Michigan | Berrien County, MI |
| Michigan | Muskegon County, MI |
| Nevada | Las Vegas, NV |
| New Jersey | Philadelphia-Wilmington-Atlantic City, PA-NJ-MD-DE |
| Pennsylvania | Philadelphia-Wilmington-Atlantic City, PA-NJ-MD-DE |
| Texas | Dallas-Fort Worth, TX |
| Texas | Houston-Galveston-Brazoria, TX |
| Texas | San Antonio, TX |
| Wisconsin | Chicago, IL-IN-WI |
| Wisconsin | Milwaukee, WI |
| Wisconsin | Sheboygan County, WI |

EPA, *Required State Implementation Plan Elements Dashboard*,

https://awsedap.epa.gov/public/extensions/specs-element-dashboard/index.html (last accessed Sept. 29, 2023).

34. Additionally, as of September 29, 2023, two additional states—Connecticut and Utah—have submitted some, but not all, of the required elements of a SIP. According to EPA's online SIP dashboard, Connecticut's submittal is missing a few components of its SIP, including the components titled "I/M basic" and "Ozone Attainment Demonstration – Moderate," and the Utah SIP's missing components are various submissions of Reasonable Available Control Technology ("RACT") that apparently relate to the automobile, shipbuilding/repair, furniture, and several other sectors. *Id*. Accordingly, upon information and belief, as of the date of this Complaint, EPA has failed to take final action finding that these thirteen states failed to submit the required complete nonattainment SIP revisions, in violation of the Clean Air Act.

### VI. CLAIM FOR RELIEF

35. Sierra Club incorporates the allegations in all preceding paragraphs of this Complaint as if set forth in full herein.

36. The Administrator had a mandatory duty to make a finding of failure to submit the requisite complete SIP revisions for reclassified nonattainment areas in thirteen states—Arizona, California, Connecticut, Delaware, Illinois, Maryland, Michigan, Nevada, New Jersey, Pennsylvania, Texas, Utah, and Wisconsin—no later than six months after the states' January 1, 2023 SIP submittal deadline. *See* 42 U.S.C. § 7410(k)(1)(B) ("Within 60 days of the Administrator's receipt of a plan revision, but no later than 6 months after the date, if any, by which a State is required to submit the plan or revision, the Administrator shall determine whether the minimum criteria established pursuant to subparagraph (A) have been met.").

37. It is now more than six months past the January 1, 2023 deadline for these thirteen states to submit their complete nonattainment SIP revisions to EPA. *See* Determinations of Attainment by the Attainment Date, Extensions of the Attainment Date, and Reclassification of Areas Classified as Marginal for the 2015 Ozone National Ambient Air Quality Standards, 87 Fed. Reg. at 60,906–07 ("Pursuant to CAA section 182(i) . . . EPA is finalizing its proposed deadlines for Moderate area SIP revisions. . . . SIP revisions required for the newly reclassified Moderate areas must be submitted no later than January 1, 2023."); Finding of Failure to Attain and Reclassification of Las Vegas Area as Moderate for the 2015 Ozone National Ambient Air Quality Standard, 88 Fed. Reg. at 781 ("Pursuant to CAA section 182(i) . . . EPA is finalizing its proposed deadlines for the Las Vegas Moderate area SIP. . . . SIP revisions required for the newly reclassified Las Vegas Moderate area . . . must be submitted no later than January 1, 2023.").

38. As of the date of filing this Complaint, the Administrator has neither issued findings of failure to submit complete nonattainment SIPs required for the 2015 ozone NAAQS for these thirteen states, nor published notice in the Federal Register of such findings.

39. Therefore, the Administrator has violated, and continues to violate, the Clean Air Act. 42 U.S.C. § 7410(k)(1)(B).

40. This Clean Air Act violation constitutes a "failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator" within the meaning of the Clean Air Act's citizen suit provision. 42 U.S.C. § 7604(a)(2). EPA's violations are ongoing, and will continue unless remedied by this Court.

## VII.     REQUEST FOR RELIEF

WHEREFORE, Sierra Club respectfully requests that this Court enter judgment providing the following relief:

A) A declaration that the EPA Administrator has violated the Clean Air Act with respect to his failure to perform his mandatory, nondiscretionary duty to determine and publish a finding that the states listed in ¶ 33 and ¶ 34 above failed to submit necessary nonattainment SIP revisions by January 1, 2023, as described above;

B) An order compelling EPA to perform its mandatory duty to issue findings of failure to submit for these states by an expeditious date certain;

C) An order retaining jurisdiction over this matter to ensure compliance with the Court's orders;

D) An order awarding Sierra Club its costs of litigation, including reasonable attorneys' fees; and

E) Such other and further relief as the Court deems just and proper.

Dated: September 29, 2023

Respectfully submitted,

*Sari Amiel*

Sari Amiel
DC Bar Id. No. 1719050
Sierra Club
50 F Street NW, Eighth Floor
Washington, DC 20001
Tel: (202) 495-3033
sari.amiel@sierraclub.org